UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ROBERT McVEIGH,                )
                               )
        Petitioner,             )
                               )
    vs.                         )   Case No.  04-0821-CV-W-GAF-P
                               )
JIM MOORE,                     )
                               )
        Respondent.             )

### ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his conviction in the Circuit Court of Callaway County, Missouri, for statutory sodomy in the first degree. The victim was petitioner's eight-year-old great-nephew. The Missouri Court of Appeals affirmed petitioner's conviction and the denial of his motion for post-conviction relief. Respondent's Exhibits E and J (unpublished opinions).

As his first ground for relief, petitioner claims that the trial court erred by admitting videotaped statements by the victim and his six-year-old sister. The Missouri Court of Appeals rejected that claim:

> [The videotaped statements in question] were admitted under [Mo.Rev.Stat.] § 491.075, which creates a hearsay exception for statements made by sexual abuse victims under the age of twelve. The statements, which were informal and not planned as a substitute for the children's

>     testimony, did not improperly bolster their
>     testimony . . . to the extent that it had the
>     effect of allowing them to testify twice.

Respondent's Exhibit E, p. 6.

As his second ground for relief, petitioner claims that the trial court erred by admitting the testimony of a social worker, a deputy sheriff, and the victim's mother concerning out-of-court statements made to them by the victim and his sister. The Missouri Court of Appeals disagreed:

>     In this case, the requirements of
>     confrontation were satisfied because the children
>     testified at trial and were subject to cross-
>     examination for possible motives for fabrication
>     or exaggeration. Further, as required, the court
>     held a § 491.075 pretrial hearing on the
>     reliability of [the statements in question]. The
>     trial court found that the statements provided
>     sufficient indicia of reliability based on their
>     content and circumstances and, therefore, that
>     the statements were admissible as substantive
>     evidence.

*Id.* at 8.

As his third ground for relief, petitioner claims that the trial court committed plain error[1] by admitting the testimony of the victim's six-year-old sister, as well as the testimony of others regarding statements made to them by the victim's sister, because this testimony

---

[1] *See Richardson v. Bowersox*, 188 F.3d 973, 979-81 (8th Cir. 1999) (on a claim that was rejected in state court on plain-error review, federal habeas corpus relief may be granted "'only if there is manifest injustice'"), *cert. denied*, 529 U.S. 1113 (2000)

2

Case 4:04-cv-00821-GAF   Document 35   Filed 09/15/05   Page 2 of 5

"concerned offenses for which [he] was not on trial . . . ." Doc. No. 18, p. 20 (amended petition). Again, the Missouri Court of Appeals disagreed, finding that the challenged "evidence was admissible [under Missouri law] to show an absence of mistake or accident and to demonstrate a common plan or scheme." Respondent's Exhibit E, p. 13.

The Missouri Court of Appeals' resolution of petitioner's evidentiary claims was not based on "an unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Richardson v. Bowersox*, 188 F.3d 973, 979-81 (8th Cir. 1999)(state court's "holding on a matter of state evidentiary law is not grounds for federal habeas relief unless it was so unfair as to constitute a denial of due process"), *cert. denied*, 529 U.S. 1113 (2000). Relief will be denied on petitioner's first, second, and third grounds.

As his fourth and final ground for relief, petitioner claims that he was denied effective assistance of trial counsel because his attorney "failed to object to the prosecutors [sic] improper questioning on redirect examination of [the victim]." Doc. No. 18, p. 34 (amended petition). The Missouri Court of Appeals considered that claim and found no error:

> [The victim's] redirect testimony was merely cumulative of [other evidence that] . . . established that McVeigh placed his mouth on [the victim's] penis. Even if McVeigh's trial counsel had successfully objected to the redirect

3

> testimony (as exceeding the scope of cross-examination), the outcome of the trial would not have changed because there was substantial evidence of McVeigh's guilt on the sodomy charge. McVeigh suffered no prejudice from his counsel's conduct . . . .

Respondent's Exhibit J, p. 5.

The Missouri Court of Appeals' resolution of petitioner's ineffective-assistance claim was not based on "an unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (in order to establish ineffective assistance of counsel, habeas petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense); *Reed v. Norris*, 195 F.3d 1004, 1006 (8th Cir. 1999) ("We find it unnecessary to discuss the reasonableness of counsel's conduct because, given the overwhelming evidence of [petitioner's] guilt presented at trial, . . . it would be impossible for him to demonstrate prejudice under *Strickland*.") Relief will be denied on petitioner's fourth ground.

For the reasons set out above, petitioner has failed to allege grounds that warrant federal relief. Accordingly, it is **ORDERED** that this petition for a writ of habeas corpus is denied, and this case is dismissed with prejudice.

4

/s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: 9/15/05              .

5